# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL RAY THOMAS,

        Petitioner,                Case Number: 2:18-11253

v.                                  HON. SEAN F. COX

THOMAS WINN,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Michael Ray Thomas is a state inmate currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. He challenges his convictions for possession of child sexually abusive material, Mich. Comp. Laws 750.145c(4), using a computer to commit possession of child sexually abusive material, Mich. Comp. Laws § 752.796, and unlawful use of the internet to solicit child sexually abusive activity, Mich. Comp. Laws § 750.145.d. The petition raises claims which have not been properly exhausted in state court. The Court dismisses the petition for a writ of habeas corpus without prejudice.

## I. Background

A jury in Macomb County Circuit Court convicted Petitioner as set forth above. On September 29, 2015, he was sentenced to concurrent terms of one to four years for the possession of child sexually abusive material conviction, one to seven years for the

unlawful use of a computer conviction, and 12 to 20 years for the unlawful use of the internet conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising these claims: (i) other act evidence improperly admitted; (ii) prosecutor committed misconduct during closing argument; (iii) verdict against the great weight of the evidence; (iv) *Brady* violation; (v) ineffective assistance of trial counsel; and (vi) prosecutor committed misconduct throughout trial. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Thomas,* No. 329750, 2017 WL 1967475 (Mich. Ct. App. May 11, 2017). Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising these claims: (i) *Brady* violation; (ii) prosecutorial misconduct; (iii) ineffective assistance of counsel; (iv) verdict against the great weight of the evidence; (v) improper bind over; (vi) improper application of Mich. Comp. Laws § 750.145d(2)(f) to secure conviction; and (vii) jury instruction failed to set forth the solicitation element of soliciting another person to commit crime. The Michigan Supreme Court denied leave to appeal. *People v. Thomas,* 907 N.W.2d 565 (Mich. March 5, 2018).

Petitioner filed the pending habeas petition on April 18, 2018. He raises these claims:

    I.      Improper use of 404(b) evidence.

    II.     Insufficiency of the evidence.

    III.    Prosecutorial Misconduct.

    IV.    Ineffective assistance of trial counsel.

2

V. *Franks* violation resulting in a constitutional violation of my right to a reasonable search and seizure.

VI. Jury not instructed on essential elements of two charges.

VII. 443-day delay between the seizure and search of the computers resulted in a violation of reasonable seizure, they were never turned over to the defense for testing because some computers were lost in the interval.

VIII. Ineffective assistance of appellate counsel.

## II. Discussion

### A.

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition contains unexhausted claims; therefore, the petition will be dismissed.

### B.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate

review process"). To exhaust state court remedies, a claim must be fairly presented "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 Fed. App'x 808, 814 (6th Cir. 2015). A petitioner bears the burden of showing that state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Petitioner has failed to present his fifth, sixth, seventh and eighth claims through one complete round of the state appellate review process. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the habeas standard of 28 U.S.C. § 2254. Furthermore, the state court proceedings may result in the reversal of Petitioner's convictions, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)). Non-prejudicial dismissal of the petition is warranted under such circumstances.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005).

However, stay and abeyance is available only in "limited circumstances" when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has not shown the need for a stay because the one-year limitations period applicable to habeas corpus petitions is not at risk of expiring while he exhausts his state court remedies. The one-year period does not begin to run until the conviction becomes final, 90 days after the conclusion of direct appeal. *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). Petitioner's state court conviction will become final on June 3, 2018, when the time for filing a certiorari petition expires. *Id.* The limitations period has not yet even commenced. Further, the limitations period will be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Petitioner has ample time to fully exhaust his state court remedies and return to federal court should he wish to do so. A stay is unwarranted and non-prejudicial dismissal of the habeas petition is appropriate.

## III. Conclusion

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists would not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DENIES AS MOOT** Petitioner's Motion for Evidentiary Hearing (ECF No. 2).

**SO ORDERED**.

Dated: May 21, 2018                    s/Sean F. Cox
                                                     Sean F. Cox
                                                     U. S. District Judge

I hereby certify that on May 21, 2018, the foregoing document was served on counsel of record via electronic means and upon Michael Ray Thomas via First Class mail at the

address below:

Michael Ray Thomas 823403
SAGINAW CORRECTIONAL FACILITY
9625 PIERCE ROAD
FREELAND, MI 48623

                                                  s/J. McCoy
                                                  Case Manager