**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL RAY THOMAS,

        Petitioner,                      Case Number: 2:18-11253
                                                    HONORABLE SEAN F. COX

v.

THOMAS WINN,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (ECF # 7) AND MOTION FOR SUMMARY JUDGMENT (ECF # 8)

Petitioner Michael Ray Thomas seeks reconsideration of the Court's Opinion and Order Dismissing Petition for Writ of Habeas Corpus Without Prejudice (ECF #5). The petition raised eight claims for relief. The Court held that four of these claims were unexhausted and dismissed the petition without prejudice. Now before the Court are Petitioner's Motion for Reconsideration and Motion for Summary Judgment.

Petitioner seeks reconsideration on the grounds that his fifth claim for relief regarding a *Franks* hearing was properly exhausted and that the exhaustion requirement should be excused for his sixth, seventh, and eighth claims. Pursuant to Local Rule 7.1(h), a party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

Petitioner argues that his claim concerning a *Franks* hearing is exhausted because he explicitly raised the claim in a motion to remand filed with the Michigan Court of Appeals. However, a claim is not considered exhausted where it is raised in a motion to remand filed in the Michigan appellate courts but not in an appellant's brief on appeal. *See Marshall v. Bell,* No. 1:07-cv-959, 2008 WL 2945912, *1 (W.D. Mich. July 28, 2008), *citing People v. Albers*, 258 Mich. App. 578 (2003). Indeed, Petitioner admitted in his petition that this claim was not presented to the Michigan Court of Appeals. *See* Pet. at 12. Petitioner, therefore, has not shown that the Court erred in holding this claim unexhausted.

Petitioner argues that the Court should excuse the exhaustion requirement for his remaining unexhausted claims because he has shown cause and prejudice for failing to exhaust these claims on direct review, he did not deliberately bypass the exhaustion requirement, and he is actually innocent. Exceptions to the exhaustion requirement exist when "there is an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), or "circumstances exist that render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1)(B)(ii). These exceptions do not apply here because Petitioner has an available remedy to exhaust. He may file a motion for relief from judgment in the state trial court under Michigan Court Rule 6.502. If he is unsuccessful in the trial court, he may apply for leave to appeal in the Michigan Court of Appeals, *see* Mich. Ct. R. 6.509(A); Mich. Ct. R. 7.203(B), and in the Michigan Supreme Court, *see* Mich. Ct. R. 7.301-302. Thus, the Court will not excuse the failure to exhaust

and will deny the motion for reconsideration.

Also before the Court is Petitioner's Motion for Summary Judgment. Because the petition is no longer pending, the Court will deny the motion.

Accordingly, the Court **DENIES** Petitioner's Motion for Reconsideration (ECF # 7) and Motion for Summary Judgment (ECF # 8).

**SO ORDERED**.


Dated: November 13, 2018
s/Sean F. Cox
Sean F. Cox
U. S. District Judge


I hereby certify that on November 13, 2018, the foregoing document was served on counsel of record via electronic means and upon Michael Ray Thomas via First Class mail at the address below:

MICHAEL RAY THOMAS
823403
SAGINAW CORRECTIONAL FACILITY
9625 PIERCE ROAD
FREELAND, MI 48623

s/J. McCoy
Case Manager